BROWN & ROOT, INC., Appellant,

v.

AMERICAN HOME ASSURANCE COMPANY, Appellee.

No. 19930.

United States Court of Appeals
Fifth Circuit.

Aug. 15, 1963.

Robert Eikel, Houston, Tex., for appellant.

Edmond J. Ford, Jr., Robert T. Rylee, II, Corpus Christi, Tex., for appellee.

Before JOSEPH C. HUTCHESON, Jr., and JOHN R. BROWN and WISDOM, Circuit Judges.

PER CURIAM.

This case is before the Court again. Magco Towing Company, which was under contract to transport certain drilling mud by barge, contracted with the appellant, Brown & Root, Inc., for the hire of a tug to move the barge for $900. Near the end of the voyage a substantial part of the mud was lost overboard. Magco's insurer, American Home Assurance Company, appellee, paid the cargo owners for the loss of the mud. As subrogee, American Home sued Brown & Root. The district court held that the tug was at fault and entered a decree in favor of American Home for $20,507.-49 with interest at six percent from the date of the decree, February 20, 1959. On appeal, Turrentine v. American Home Assur. Co., 5 Cir., 279 F.2d 811, this Court affirmed the holding that Brown & Root was liable for loss of the mud but remanded the case for the district court to determine.

> Whether the owner of the tug should be compensated for its hire and if so, how that compensation should be measured * * * In all other respects the judgment of the district court will be affirmed.

After the Supreme Court denied certiorari, this Court issued its judgment and mandate affirming in part and reversing and remanding in part for further proceedings in accordance with its opinion.

February 9, 1961, before trial on remand, proctors for the appellee tendered the appellant the full amount of the tug hire, $900, with interest from the date of accrual, June 15, 1956.

On remand, the district court held that the judgment in favor of American Home for $20,507.49 should bear interest from February 20, 1959, the date the original decree was entered. The court held that the tug hire of $900 due Brown & Root, appellate here, should bear interest from June 15, 1956, the date the towage was performed. Brown & Root now appeal from this determination of the court below.

The only issue this appeal presents is whether the district court's award of interest to American Home was proper. The appellant contends that it was improper, since the mandate does not specifically allow interest.

We agree with the district court:

> [T]he Circuit Court, by stating that "in all other respects the judgment of the District Court will be affirmed," the District Court decree allowing the Libelant, Insurance Company, the sum of $20,507.49 plus interest from the date of the entry of the decree, which was February 20, 1959, was held to be correct and in all things affirmed.

> This Court concludes that it is not necessary for the Circuit Court, when it uses language of the type noted above, to have to specifically state that it is allowing interest.

Briggs v. Penn. R. R. Co., 1948, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1043, on which appellant relies, is distinguishable in that the Court of Appeals' mandate ordered that a judgment be entered on the jury verdict; the trial court added interest to the verdict. In one respect or another each of the other decisions appellant cites is distinguishable on the facts or inapposite as authority.

The judgment is affirmed.