UNITED STATES of America, Plaintiff,

v.

John A. AMOS et al., Defendants, and

Jerome B. Bluhm, Intervening-Defendant.

Civ. A. No. 64–C–2153.

United States District Court
N. D. Illinois, E. D.
May 16, 1968.

Edward V. Hanrahan, U. S. Atty., for plaintiff.

Elmer A. Holmgren, Chicago, Ill., for defendant First Nat. Bank of Chicago.

Froelich, Grossman, Teton & Tabin, Chicago, Ill., for defendants John A. and Gertrude P. Amos.

Cohon & Raizes, Chicago, Ill., for intervening defendant Jerome B. Bluhm.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

PERRY, District Judge.

This cause coming to be heard upon the motion of the United States of America, plaintiff herein, for summary judgment against the intervening-defendant, Jerome B. Bluhm, and the parties having filed memorandums in support of their positions, and the Court having examined the complaint, answers, plaintiff's motion for summary judgment and the memorandums in support and opposition thereto, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The United States commenced this action on December 24, 1964, to reduce to judgment federal tax liens outstanding against the defendant-taxpayers, John A. and Gertrude Amos, and to foreclose said liens against a parcel of real estate owned by the defendant-taxpayers.

2. The federal tax liens of the United States are based upon assessments for unpaid income taxes made against the defendant-taxpayers by a delegate of the Secretary of the Treasury of the United States. The present outstanding balance of these assessments and the dates of the filing of notice of the federal tax liens are more particularly set forth below:

| Tax Period | Date of Assessment | Notice of Federal Tax Liens Filed* | Amount Outstanding** |
|---|---|---|---|
| 1950 | 5/23/58 | 9/3/58 | $ 48,678.57 |
| 1951 | 5/23/58 | 9/3/58 | 49,383.32 |
| 1952 | 5/23/58 | 9/3/58 | 37,100.42 |
| 1953 | 5/23/58 | 9/3/58 | 34,736.47 |
| | | Subtotal: | $170,898.78** |
| 1954 | 2/ 3/61 | 4/10/61; 4/24/61 | $ 1,023.53 |
| 1958 | 9/27/63 | 2/4/64 | 2,272.42 |
| 1957*** | 9/27/63 | 2/4/64 | 7,629.24 |
| | | Total: | $181,823.97** |

* —Notice of federal tax liens filed at the Recorder of Deeds office of Cook County, Illinois.
** —Plus interest according to law from the date of the assessment.
*** —Assessment made only against the defendant, John A. Amos.

---

(Amended Complaint, Paragraphs IV, V, VI, VII; memorandum in support of plaintiff's motion for summary judgment, Exhibit C.)

3. On May 18, 1960, the defendant-taxpayers submitted an offer to the Internal Revenue Service to compromise the ·assessments which had been made against them. This offer contained a provision whereby the defendant-taxpayers waived the running of the statute of limitations on collection for the period the offer was pending and for one-year thereafter. The offer was pending for approximately six months from the date of its submission until January 30, 1961, when it was rejected by the Internal Revenue Service. (Plaintiff's reply to

memorandum in opposition to plaintiff's motion for summary judgment, Exhibits A, B.)

4. At the time when the notices of federal tax liens for the years 1950 through 1953 were filed with the Recorder of Deeds for Cook County, Illinois, the defendant-taxpayers owned an interest in a parcel of real estate known as 831 Ashland Avenue, Wilmette, Illinois, which was owned by the defendant-taxpayers as joint tenants, and which is described:

The West seventy (70) feet of lot eight (8) in block three (3) in Milton H. Wilson's addition to Wilmette, said addition being a subdivision in fractional sections twenty-six (26) and twenty-seven (27), Township forty-two (42) North, Range thirteen (13), East of the Third Principal Meridian.

(Amended Complaint, Paragraph VIII; Intervenor's Answer, Paragraph VIII.)

5. On February 27, 1962, the real estate of the defendant-taxpayers described in paragraph 4 above was sold by the Treasurer and County Collector of Cook County, Illinois, at a public sale for unpaid county real estate taxes for the year 1960, at which sale a Certificate of Sale was issued to the Bonded Municipal Corporation. (Memorandum in support of plaintiff's motion for summary judgment, Exhibit A.)

6. On October 31, 1964, the Bonded Municipal Corporation filed a petition in the Circuit Court of Cook County, Illinois, County Division, entitled "In the Matter of the Application of the County Collector and Ex-Officio County Treasurer of Cook County, Illinois, for Judgment and Sale of Real Estate for General Taxes for the Year 1960," No. 64–Co–TD–1309, which stated that the period for redemption of the real estate described in paragraph 4 above from the real estate tax sale would expire on February 17, 1964, and that upon such date, the Bonded Municipal Corporation would seek an order directing the issuance of a tax deed to said real estate to the Bonded Municipal Corporation. (Memorandum in support of plaintiff's motion for summary judgment, Exhibit B.)

7. A copy of the Notice of the Petition for a Tax Deed, along with a copy of the Petition, were served upon the United States by mailing copies of same to the Attorney General of the United States, and by serving the United States Attorney at his office in Chicago, Illinois. (Memorandum in opposition of plaintiff's motion for summary judgment, Exhibit A.)

8. The United States did not attempt to redeem the property from the state court proceeding mentioned in paragraph 7 above, and, in due course, a tax deed was issued to the Bonded Municipal Corporation. (Intervenor's Answer, Paragraph X, a.)

9. The tax deed issued by the state court passed by various mesne conveyances to the intervenor in this action, Jerome Bluhm, who acquired said tax deed on June 7, 1966, and on June 17, 1966, conveyed title to the Chicago Title and Trust Company, as trustee under the provisions of Trust No. 42,275, an Illinois land trust, over which the intervenor has the power of direction. (Intervenor's Answer, Paragraph X.)

10. At the time the intervenor obtained his interest in the subject real estate, notices of the federal tax liens described in paragraph 2 above had been filed of record with the office of the Recorder of Deeds for Cook County, Illinois, and there was of record in that office a notice of *lis pendens* which the United States had caused to be filed with respect to real estate described in paragraph 4 above upon the commencement of this action. (Memorandum in support of plaintiff's motion for summary judgment, p. 15, Exhibit D.)

11. On April 6, 1967, this Court entered judgment against the defendant-taxpayers on their joint and several federal tax liabilities in the sum of $210,101.13, and against the defendant, John A. Amos, on his individual federal tax liabilities in the additional sum of $9,-

575.27, which judgments were based upon the assessments made against the defendant-taxpayers as set forth in paragraph 2 above.

12. On September 29, 1967, this Court allowed the filing of the Answer of the intervenor, Jerome B. Bluhm, which asserted that the Federal Tax Lien Act of 1966 had invalidated the federal tax liens which had previously encumbered the real estate described in paragraph 4 above and had rendered his claim under the state tax deed to this real estate superior to the federal tax liens of the United States.

13. Subsequently, the United States filed its motion for summary judgment in this matter.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter of this litigation. (28 U.S.C. §§ 1340 and 1345, Section 7402 of the Internal Revenue Code of 1954.)

2. The statute of limitations on the collection of the assessments made against the defendant-taxpayers on May 23, 1958 had not run at the time of the commencement of the plaintiff's action on December 24, 1964. The normal six-year collection period which would have expired on or about May 23, 1964 was extended approximately one and one half years by the defendant-taxpayers' offer in compromise discussed in paragraph 3 of the Court's Findings of Fact and the commencement of the plaintiff's action was therefore timely. (Section 6502 of the Internal Revenue Code of 1954.)

3. The federal tax liens which arose upon the making of the assessment against the taxpayers on May 23, 1958, the outstanding balance of said assessments being in the sum of $170,898.78, plus interest as provided by law, attached to all of the property and rights to property of the defendant-taxpayers, John A. and Gertrude Amos, including the real estate described in paragraph 4 above, which is the subject matter of this action. (Section 6321 of the Internal Revenue Code of 1954.)

4. Prior to the enactment of the Federal Tax Lien Act of 1966, the federal tax liens arising out of the assessments made on May 23, 1958, constituted an encumbrance on the subject real estate which was entitled to priority vis-a-vis the liens for unpaid 1960 real estate taxes under the doctrine of "first in time, first in right." (United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520.)

5. The tax deed issued by the Circuit Court of Cook County in the proceeding instituted by the Bonded Municipal Corporation, the intervenor's predecessor in title, had, as of the date of its issuance, no effect on the liens which the United States had on the defendant-taxpayers' real estate, inasmuch as the liens of the United States were first in time and prior to the lien for unpaid real estate taxes, and the Circuit Court therefore did not obtain jurisdiction over the United States because of the doctrine of sovereign immunity. (United States v. Brosnan, 363 U.S. 237, 80 S.Ct. 108, 4 L.Ed.2d 1192.)

6. The proceeding in which the Circuit Court of Cook County granted a tax deed to the Bonded Municipal Corporation gave to the United States, the senior lienholder, only the right to redeem the real estate for the amount of the unpaid real estate taxes, and, therefore, was not the type of suit in which the United States had waived the doctrine of sovereign immunity by 28 U.S.C. § 2410 because it did not, *inter alia*, provide for the sale of the property concerned and distribution of the proceeds according to priorities, as required by 28 U.S.C. § 2410(c) (1964 ed.).

7. Section 6323(b) (6) of the Internal Revenue Code of 1954, as amended by Section 101 of the Federal Tax Lien Act of 1966, Public Law 89–719, 80 Stat. 1125, renders federal tax liens

junior to liens securing local real estate taxes, if such real estate tax liens are entitled to priority under local law. This section is retroactive, in that after the effective date of the act, November 2, 1966, (Section 114 of the Federal Tax Lien Act of 1966) it applies to all federal tax liens, regardless of when they arose, upon which enforcement or foreclosure had not previously been finalized by judgment, sale or agreement. (Section 114 of the Federal Tax Lien Act of 1966, Public Law 89–719, 80 Stat. 1146.)

8. The intervenor, Jerome B. Bluhm, traces his title to the sale by Cook County of the real estate concerned for delinquent real estate taxes for the year 1960, and is therefore subrogated to the lien for local taxes for that year, which lien is prior to the federal tax liens of the United States, by reason of the enactment of the Federal Tax Lien Act of 1966. (Section 6323(b) (6) of the Internal Revenue Code of 1954.)

9. The proceeding in the Circuit Court of Cook County which resulted in the issuance of a tax deed and the subsequent enactment of the Federal Tax Lien Act of 1966 did not combine to discharge the real estate under consideration from the federal tax liens which had attached prior to the enactment of this legislation. The Act provides that the amendments changing the priorities of existing federal tax liens apply after the effective date of the Act and therefore any attempt to adjudicate the rights of the United States with regard to its tax liens prior to the Federal Tax Lien Act of 1966 must be decided under the law as in effect at the time of the attempted adjudication. (Section 114 of the Federal Tax Lien Act of 1966, Public Law 89–719, 80 Stat. 1146.)

10. The federal tax liens thus remain a valid encumbrance on the property of the defendant-taxpayers described in paragraph 4 of the Court's Findings of Facts, as the state court proceeding which issued the tax deed to the intervenor's predecessor in title lacked jurisdiction over the United States, and this defect was not cured by the enactment of the Federal Tax Lien Act of 1966. The provisions of the Act did not purport to ratify attempts to determine federal tax liens which were void for lack of jurisdiction. (Sections 6323, 7425 of the Internal Revenue Code of 1954; 28 U.S.C.A. 2410; Section 114 of the Federal Tax Lien Act of 1966, Public Law 89–719, 80 Stat. 1146.)

11. The plaintiff, United States of America, is entitled to have summary judgment for the relief requested in its complaint in accordance with the Findings of Facts and Conclusions of Law stated herein, because there is no issue as to any material fact, and the United States is entitled to a judgment as a matter of law. (Rule 56, Federal Rules of Civil Procedure.)

### ORDER

This cause coming to be heard upon the motion for summary judgment of the United States, plaintiff herein, against the intervening-defendant Jerome B. Bluhm, and the Court having on April 5, 1968, sustained the motion for summary judgment of the United States against the intervening-defendant Jerome B. Bluhm, and the Court having this date entered findings of fact and conclusions of law,

Now, therefore, it is ordered that the motion for summary judgment of the United States against the defendant, Jerome B. Bluhm, is sustained,

It is further ordered that the receiver herein Gerald P. Grace, sell the property commonly known as 831 Ashland Avenue, Wilmette, Illinois, in order to foreclose the tax liens of the United States against said property,

It is further ordered that the receiver herein, Gerald P. Grace, and the United States submit a judgment order providing for sale of the property commonly known as 831 Ashland Avenue, Wilmette, Illinois, pursuant to law.