351 F.Supp. 1023 (1972)
HOOVER, INC., Plaintiff,
v.
McCULLOUGH INDUSTRIES, INC. et al., Defendants.
Civ. A. No. 6981-72.
United States District Court, S. D. Alabama, S. D.
November 15, 1972.
*1024 Sam W. Pipes, III, Mobile, Ala., Judson Harwood, Nashville, Tenn., for plaintiff.
J. Edward Thornton, Mobile, Ala., Robert McD. Smith, Birmingham, Ala., G. Hamp Uzzelle, III, C. S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., William Clay McGehee, Dept. of Justice, Washington, D. C., for defendants.

JUDGMENT AND DECREE
PITTMAN, Chief Judge.
This action was commenced by a Bill of Interpleader filed on January 21, 1972, by Hoover, Inc., naming as defendants McCullough Industries, Inc., the United States of America, and Louisiana Materials Co., Inc. Hoover is a corporation organized under the laws of the State of Tennessee with its principal place of business in Nashville, Tennessee. McCullough is a corporation organized under the laws of Alabama with its principal place of business in Birmingham, Alabama. Louisiana Materials is a corporation organized under the laws of the State of Louisiana with its principal place of business in New Orleans, Louisiana. The government is a sovereign and its claim to the funds herein interpleaded has been made through the Internal Revenue Service.
Hoover deposited in the Registry of the Court the sum of $34,403.16, representing $32,911.19 principal plus interest thereon at six per cent per annum from April 29, 1971, until the date this action was filed. This money was payment by Hoover to McCullough on a judgment rendered by this court in Civil Action No. 2585.
This case had its genesis in 1961 when McCullough Industries filed a suit in Conecuh County, Alabama, seeking to recover damages for the breach of a contract by Hoover, Inc., which action was removed to this court where it became Civil Action No. 2585. On October 11, 1965, the District Court rendered judgment in favor of McCullough and against Hoover for $19,176.60 plus interest from December 15, 1961. That judgment was appealed to the Fifth Circuit which rendered its opinion on July 13, 1967. Hoover, Inc. v. McCullough Industries, Inc., 380 F.2d 798 (5th Cir. 1967). The Fifth Circuit affirmed Hoover's liability but reversed as to the computation of one item of damages.
The District Court on remand held a hearing on the question of the credit and *1025 on September 30, 1970, rendered a judgment against Hoover and in favor of McCullough Industries in the sum of $29,208.82. No mention of interest was made in this judgment.
Hoover filed a Motion to Amend, Alter or Revise the judgment of September 30, 1970, which was heard by the court, and on April 29, 1971, a new judgment was entered by the court in the sum of $32,911.19 in favor of McCullough. This judgment makes no mention of interest, but does state that "the net amount due McCullough in this case is $32,911.19." This decision was appealed and Hoover filed a supersedeas bond in the amount of $52,700.00. The Fifth Circuit affirmed the District Court's decision on December 9, 1971. Their decision also made no provision for interest. On January 21, 1972, Hoover filed this Bill of Interpleader and deposited $34,403.16 in court which sum represents the principal amount of the judgment of April 29, 1971, plus interest from that date.
The United States and Louisiana Materials Co., Inc. were joined as defendants to this action as they have claims against the fund interpleaded. In addition, the attorneys of record for McCullough Industries, J. Edward Thornton and Robert McD. Smith, in the case against Hoover, Case No. 2585, supra, have made a claim to the interpleaded fund for attorneys' fees.
This court is called on to resolve the following issues:
(1) whether Hoover owes McCullough an additional sum for interest on the $32,911.19 judgment for the period from December 15, 1961 to April 29, 1971 (it is not contested that interest is due on the judgment from April 29, 1971 until January 21, 1972, when plaintiff made a deposit in this court on the judgment in excess of the principal amount);
(2) the priority among the various claimants to the interpleaded fund;
(3) the amount of any attorney fees due and owing to McCullough, Louisiana Materials, and Hoover's attorneys.

I.
The plaintiff, Hoover, contends that where the mandate of the Circuit Court makes no provision for interest, the District Court is without power to modify or change that mandate to include interest to a date other than the date judgment is entered on remand; therefore, interest cannot begin to run until the entry of the judgment of April 29, 1971, as that is the date of the final judgment. In support of this position the plaintiff cites Briggs v. Pennsylvania R. R. Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948). In that case the District Court entered a judgment n. o. v. following a jury verdict for the plaintiff. On appeal the Circuit Court reversed and ordered that judgment be entered on the jury verdict. The District Court on remand then entered judgment on the verdict plus interest from the date of the original judgment. The Supreme Court held that the District Court had no authority to modify or alter the mandate of the Circuit Court and therefore was without authority to add interest to the verdict.
Unfortunately for the plaintiff, the Briggs decision is not applicable to the factual setting of the present case. The 1967 holding by the Fifth Circuit, Hoover, Inc. v. McCullough Industries, Inc., 380 F.2d 798 (5th Cir. 1967), affirmed the entire 1965 judgment of the District Court which awarded interest from December 15, 1961, except for one aspect of damages; "It is necessary, therefore, that the matter be reversed and remanded on this one item of damages." Id. at 803. Thus, on remand the District Court did not have before it the issue of when the interest would begin. The 1971 judgment only determined the original amount of damages.
The instant case is similar to Brown & Root v. American Home Assurance Company, 321 F.2d 814 (5th Cir. 1963). In Brown, the Fifth Circuit remanded the case to the District Court for recalculation of damages and after recalculation the District Court entered judgment with *1026 interest from the date of the original decree (the original decree had specified interest from that date). The defendant appealed, arguing that according to the Circuit Court's mandate, final judgment was not entered until the recalculation and therefore interest should run only from the latter date. The Fifth Circuit adopted the holding of the District Court and held:
"`[T]he Circuit Court, by stating that "in all other respects the judgment of the District Court will be affirmed," the District Court decree allowing the Libelant, Insurance Company, the sum of $20,507.49 plus interest from the date of the entry of the decree, which was February 20, 1959, was held to be correct and in all things affirmed.'"
"`This court concludes, that it is not necessary for the Circuit Court, when it uses language of the type noted above, to have to specifically state that it is allowing interest.'" Id. at 815.
It should also be noted that when the District Court, in the instant case, referred to "the net amount due," it had reference to the fact that the recalculation of damages involved a credit owing to the defendant. On reconsideration, the credit was reduced and the judgment to plaintiff increased on that item, arriving at what the court termed a "net amount." On reconsideration, no mention was made of interest.
Therefore, interest is due on the judgment from December 15, 1961.

II.

PRIORITY OF LIENS
The following is a listing of pertinent events in chronological order:

January 24, 1963
Jury verdict on issue of liability for McCullough Industries against Hoover. Damages issue referred to Special Master.

February 28, 1964
Deficiency assessed by the Government against McCullough Industries in the amount of $75,738.30.

March 17, 1964
Government served notice of levy upon Hoover.

March 20, 1964
Deficiency assessed by Government against McCullough in the amount of $9,796.45.

May 18, 1964
Deficiency assessed by Government against McCullough in the amount of $78,028.10.

June 3, 1964
Government served notice of levy upon Hoover.

September 18, 1964
Deficiency assessed by Government against McCullough in amount of $63,567.70.

March 18, 1965
Deficiency assessed by Government against McCullough in amount of $5,334.73.

October 11, 1965
Final judgment for McCullough against Hoover set at $19,176.60 plus interest.

November 11, 1965
Government filed notice of federal tax lien upon McCullough with Judge of Probate, Shelby County, Alabama, for $210,221.77.

April 12, 1966
Government filed notice of federal tax lien upon McCullough with Judge of Probate, Etowah County, Alabama, for $210,221.77.

April 12, 1966
Government filed notice of tax lien upon McCullough with Probate Judge, St. Clair County, Alabama, for $210,221.77.

July 13, 1967
Fifth Circuit affirmed in part and reversed in part the judgment of the District Court entered on October 11, 1965.

November 26, 1969
Louisiana Materials given verdict for $31,000.00 against McCullough in Florida United States District Court.

*1027 April 2, 1970

Government refiled notice of federal tax lien upon McCullough with Judge of Probate, Shelby County, Alabama, for $210,221.77.

April 29, 1971
Alabama United States District Court reconsidered damages as per Fifth Circuit ruling and awarded $32,911.19 to McCullough against Hoover.

December 23, 1971
Certified copy of Florida United States District Court judgment of Louisiana Materials against McCullough registered in United States District Court for the Southern District of Alabama; Writ of Garnishment issued by United States District Court for the Southern District of Alabama to Hoover.

December 30, 1971
Return of service of writ of garnishment.

January 21, 1972
Present interpleader action filed by Hoover.

March 14, 1972
Government filed notice of federal tax lien upon McCullough with Judge of Probate, Jefferson County, Alabama, for $68,902.43.
All of the claimants to the interpleaded fund are in agreement that the attorneys who represented McCullough Industries, in its breach of contract suit against Hoover, are entitled to first priority for a reasonable attorneys' fee for their services from the interpleaded fund pursuant to Section 6323(b)(8) of the Internal Revenue Code of 1954.
The plaintiff, Hoover, contends that it is entitled to a reasonable sum from the interpleaded fund for attorney's fee arising out of this interpleader action. Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp., 306 F.2d 188 (9th Cir. 1962) is dispositive of this contention. In that case the court said:
"[The] plaintiff should be awarded attorney fees for the service of his attorney in interpleading. But if there is a contest between plaintiff and the interpleaded parties, either as to the correctness of the amount deposited or as to any interest of plaintiff in the fund, the court may not, in the absence of special circumstances, award attorney fees for the services of his attorneys in connection with such contest." (Emphasis added.)
Id. at 194. Also see United States v. The Liverpool and London and Globe Insurance Company, Ltd., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268 (1955) and United States v. Wilson, 333 F.2d 147 (3rd Cir. 1964). Hoover is not entitled to recover attorney fees as to the correctness of the amount of the judgment or liens. Hoover's attorney is entitled to a reasonable fee for bringing the interpleader suit.
Both the United States and Louisiana Materials Co., Inc., claim a priority to the fund interpleaded in this action and to the additional interest that the court has determined to be due and owing from Hoover to McCullough Industries. Louisiana's lien arises out of a judgment in the amount of $31,000.00, plus interest, entered in its favor on November 26, 1969, by the United States District Court for the Middle District of Florida in the case of Louisiana Materials Company, Inc. v. Talcott, Inc., Civil Action No. 67-678-Civ.-J. A copy of this judgment was duly registered in the United States District Court for the Southern District of Alabama by filing a certified copy thereof on December 23, 1971, in accordance with 28 U.S.C. § 1963, giving said judgment the same effect as a judgment of this court. The judgment was assigned Civil Action No. 6964-71-H by this court, and a writ of garnishment was issued thereon and was served upon Hoover, Inc. Hoover answered the garnishment averring that it was indebted to McCullough but stating that there were competing claimants to the money owed and setting up as a defense to the garnishment the institution of this interpleader action.
The United States alleges that its lien arose out of assessments for unpaid taxes *1028 levied against McCullough Industries. The deficiencies occurred in 1963 and 1964 and the assessments were made in 1964 and 1965. Notices of levy were served on Hoover, Inc. on March 17, 1964, and June 3, 1964, in an attempt to collect a portion of the unpaid tax liability of McCullough Industries, Inc. Notices of lien were filed by the United States with the Judge of Probate, Shelby County, Alabama, on November 11, 1965, and refiled on April 2, 1970, and on the Judge of Probate of Etowah County and St. Clair County, Alabama, on April 12, 1966. The United States also filed a notice of lien with the Judge of Probate, Jefferson County, Alabama, on March 14, 1972.
The United States contends that 26 U.S.C. § 6321 and § 6322 is the controlling law in this dispute. Section 6321 of the Internal Revenue Code of 1954 (26 U.S.C. § 6321) provides that upon assessment and demand, a lien arises in favor of the United States in the amount of the assessments and attaches to all property and rights to property, whether real or personal, belonging to the taxpayer. 26 U.S.C. § 6322 provides that the lien created by 26 U.S.C. § 6321 arises on the dates of the assessments and continues until the tax liability is either satisfied or becomes unenforceable by reason of lapse of time. Thus, the Government contends that it has had a valid lien against the indebtedness owing to McCullough from Hoover since 1964, more than seven years prior to Louisiana's lien.
Louisiana contends that 26 U.S.C. § 6323 is applicable to the instant case. 26 U.S.C. § 6323 provides in part that a § 6321 lien is not valid against a judgment lien creditor until notice has been filed in accordance with the provisions of § 6323. Louisiana further contends that the Government has not met the filing provisions of § 6323.
It should be noted at the outset that 26 U.S.C. § 6323 was amended in 1966 and that according to Section 114 of Public Law 89-719,[1] the 1966 amendment is applicable regardless of when a lien or a title of the United States arose. The pertinent parts of 26 U.S.C. § 6323 as amended are as follows:
"(a) Purchases, holders of security interests, mechanic's lienors, and judgment lien creditors.The lien imposed by section 6321 shall not be valid as against any purchaser, . . ., or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate.

*1029 (f) Place for filing notice; form
(1) Place for filing.The notice referred to in subsection (a) shall be filed
(A) Under State laws.
* * *
(ii) Personal property.In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; or
(B) With clerk of district court.
In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State has not by law designated one office which meets the requirements of subparagraph (A); or . . ."
The Committee Report on Public Law 89-179 (enacting 26 U.S.C. § 6323 as amended) in the General Explanation portion, as reported in 6 CCH 1971 Stand.Fed.Tax Rep. Para. 5360.02 at 60,156, interprets subsection (f) to mean:
"[Thus], the Service contends that as to the personal property of a taxpayer, notice of a Federal tax lien is valid as against all persons when the notice is filed in one office designated by the laws of the State where the taxpayer is domiciled. If the State designates more than one office, the Service takes the position that it is as if the State did not designate any office, and thus that the place to file a notice of lien is with the clerk of the appropriate Federal district court.
* * *
The amendment made by your committee clarifies existing law by providing specific rules with respect to the place of filing a notice of a Federal tax lien against both real and personal property. . . . In either case, where the State designates more than one office, notice of the lien is to be filed with the appropriate Federal district court." (Emphasis added.)
The applicable Alabama law is Title 33, Alabama Code of 1940 (Recomp. 1958), Section 9. That law provides that the United States may file notice of a lien in the office of the judge of probate, or register or recorder of deeds of any county in the state. Clearly Title 33, Section 9 violates the "one office" rule of 26 U.S.C. § 6323(f) and requires filing of notices with the Clerk of the U. S. District Court. The United States has not filed a notice of lien with the Clerk of the appropriate district court; therefore, they have not complied with § 6323.
However, the Government contends that a notice of levy in effect, seizes the property levied upon and results in a virtual transfer of that property to the United States. Following this reasoning, when the Government served notice of levy on Hoover in 1964, the property (here, indebtedness) became the property of the United States and as a consequence Hoover owned nothing that could be garnished by Louisiana in 1971. Thus, the Government concludes that it was not required to meet the filing provisions of 26 U.S.C. § 6323.
To support its position the United States relies on First National Bank of Norfolk v. Norfolk and Western Railway Co., 327 F.Supp. 196 (E.D.Va.1971). In Norfolk the garnishee, Railway Co., interpleaded a sum owing to Delva. The sum was claimed by both the Bank and the United States. On September 8, 1970, the United States filed a Notice of Levy on the Railway for tax deficiencies owed by Delva. On September 14, 1970, the Bank garnished the Railway's indebtedness to Delva. The United States did not file a notice of its tax lien until September 24, 1970. The court held that a validly invoked levy to enforce a tax lien effects a seizure that is tantamount to a transfer of ownership *1030 and that as a result there was, in effect, nothing left to satisfy the Bank's lien after it was perfected.
Section 6323 was enacted to give certain specified parties protection against an unrecorded tax lien. It appears to this court that this would defeat the purpose of § 6323. As the Committee Report on Public Law 89-719 states:
"[More] important, however, it is intended that, under the bill, the various types of interests defined in this provision are to have a priority over a nonfiled Federal tax lien if they come within the definitions of these terms. . . ."
Supra, at 60,152.
The other cases cited by the United States are inapplicable as they were decided prior to the 1966 amendment of § 6323.
The instant case is similar to City of Vermillion v. Houston Equipment Co., 341 F.Supp. 707 (D.S.D.1972). In that case the United States filed two notices of levy against the City. However, it only filed a notice of lien as required by § 6323, as to one of its claims. Subsequently a trustee in bankruptcy perfected a lien on the money held by the City. In holding that only the claim where the § 6323 notice was filed, had priority, the Court said:
"[Thus] the I.R.S. was relying on the automatic lien provisions of 26 U.S. C.A. Secs. 6321 and 6322 to give them priority over general creditors as to the remainder of their claim. However, the notices of levy on December 1, 1969 and May 12, 1970, were not sufficient to serve as notices of liens under 26 U.S.C.A. Sec. 6323(a) and (f)." (Emphasis added.)
Id., at 713.
This court finds it is necessary for the United States to file a notice of lien pursuant to § 6323 in order for it to have priority over certain liens. As the Court said in United States v. Cohen, 271 F.Supp. 709, 715 (S.D.Fla.1967):
"This requirement has been confirmed and made statutory by the 1966 amendment, which imposes upon the Government the duty of giving notice as against judgment lien creditors in order to enforce its tax lien." (Emphasis added.)
There is another factor present in this case which should be noted. The time sequence of the events above listed reveals that the Government's notice of levy was served on Hoover March 17, 1964 and June 3, 1964, both of which were before October 11, 1965, the date of the final judgment for McCullough against Hoover.
The 1966 amendment to § 6331 concerned only subpart (b), but provided:
"(b) Seizure and sale of property. The term `levy' as used in this title includes the power of distraint and seizure by any means. A levy shall extend only to property possessed and obligations existing at the time thereof . . ." (1966 amendment emphasized.)
It is settled law that a debt between litigants does not arise until the date of judgment. See e. g., Wiggins v. Stewart Brothers, 215 Ala. 9, 109 So. 101 (1926).
The Supreme Court in Beebe v. Russell, 19 Howard 283, 60 U.S. 283, 15 L.Ed. 668 (1857), held that a decree is final only when it "finally decides and disposes of the whole merits of the cause and reserves no further question or directions for the future judgment of the court. . . ." Id. at 283.
Inasmuch as the judgment was not final until October 11, 1965, a levy attempted by the Government upon an alleged indebtedness previous to the date of the final judgment makes the notice of levy invalid.
Accordingly, Louisiana is entitled to a priority on its lien against the interpleaded fund and the additional interest owed by Hoover.
*1031 Therefore, the court finds the judgment of this court in Civil Action No. 2585, McCullough Industries, Inc. v. Hoover, Inc., dated April 29, 1971 in the amount of $32,911.19 carries interest at the rate of 6% from December 15, 1961 to April 29, 1971. Hoover has paid into court $32,911.19 plus interest at 6% from April 29, 1971 to January 21, 1972, the date this interpleader suit was filed, or a total of $34,403.16. Hoover, under the judgment of this court above referred to, and the opinion and decree of this court, owes an additional $18,508.13 as interest on $32,911.19 from December 15, 1961 to April 29, 1971.
The court further finds that the attorneys of record for McCullough are entitled to a reasonable attorneys' fees for their services rendered in this cause in an amount equal to 40% of the judgment plus interest, including interest on the deposit made by the Clerk of this Court of the interpleaded fund. McCullough is entitled to an additional $906.58 for out-of-pocket expenses incurred in connection with this case. This attorneys' fees and expenses has first priority to the funds in this cause save and except the costs of this suit which are payable to the Clerk of this Court.
The court further finds that Hoover is entitled to an attorney's fee for the bringing of this Bill of Interpleader and that the sum of $500.00 is a reasonable fee for such services. This is to be paid out of the interpleaded fund. No attorney's fees are allowed Hoover for the contest as to the correctness of the amount of the judgment or the correctness and priority of the liens.
The court further finds that the attorneys for claimant Louisiana Materials are not entitled to attorneys' fees. However, Louisiana Materials' judgment against McCullough has next priority against the interpleaded fund by reason of its judgment against McCullough and the recording of its lien as hereinabove set out.
NOTES
[1] The Federal Tax Lien Act of 1966, 80 Stat. 1125, provides in § 114:

"Sec. 114. Effective Date
(a) General RuleExcept as otherwise provided, the amendments made by this title shall apply after the date of enactment of this Act, regardless of when a lien or a title of the United States arose or when the lien or interest of any other person was acquired.
(b) ExceptionsThe amendments made by this title shall not apply in any case
* * *
(2) in which such amendment would 
(A) impair a priority enjoyed by a person (other than the United States) holding a lien or interest prior to the date of enactment of this Act." (Emphasis added.)
Since the lien held by the United States is the only one which could be impaired by application of the 1966 amendment, and since such a situation has been specifically excluded from the exception, the amendment must apply. It is interesting to note that the parenthetical exclusion was not included in the Senate Report on the Act, see Senate Report No. 1708, 1966, U.S.Code Cong. and Adm. News, page 3722, but was included in the bill as finally passed. The courts have accepted the effective date and have applied the 1966 amendment to cases where the liens had arisen prior to 1966. See, In Re Autorama Tool & Die Co. v. United States, 412 F.2d 369 (6th Cir. 1969) (as applied to §§ 6321 and 6323); United States v. Amos, 287 F.Supp. 886 (N.D.Ill.1968) (§§ 6321 and 6323); United States v. Cohen, 271 F.Supp. 709 (S.D.Fla.1967); Contra, Kuffel v. United States, 103 Ariz. 321, 441 P.2d 771 (1968).