**PRIMERICA LIFE INSURANCE COMPANY Plaintiff,**

v.

**Bonita WALDEN, Jacob Daniel Ramer, Jarred Daniel Ramer, Charles N. McKnight, as Trustee, and Jimmy George Lowe, as Administrator of the Estate of James L. Ramer, deceased, Defendants.**

No. Civ.A. 00–0634–P–L.

United States District Court, S.D. Alabama, Southern Division.

March 30, 2001.

Benjamin T. Rowe, David L. Kane, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Mobile, AL, J. Marshall Gardner, Vickers, Riis, Murray & Curran, L.L.C., Mobile, AL, for Primerica Life Ins. Co, Jacob Daniel Ramer.

Claude D. Boone, Mobile, AL, L. Bratton Rainey, III, Luther, Oldenberg & Rainey, P.C., Mobile, AL, for Charles N. McKnight.

Brenda Drendal Hetrick, Walter H. Honeycutt, Honeycutt & Hetrick, Mobile, AL, for Bonita Walden.

## ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES

PITTMAN, Senior District Judge.

In this interpleader action, plaintiff Primerica Life Insurance Co. ("Primerica"), is seeking an award for costs in the amount of $250.00 and attorneys' fees in the amount of $5,500.00, from the insurance proceeds ("the Funds") which are the subject of this interpleader action and which have been deposited pursuant to court Order (*see* docs. 29–33, 35).[1]

Primerica is currently before this court on a Motion To Reconsider (doc. 40) the award of costs and attorneys' fees filed pursuant to this court's November 17, 2000 Order (*see* doc. 38, p .9, ¶ 4). With their Motion For Reconsideration, Primerica requests an award of costs increased to the amount of $273.52 and attorneys' fees increased to the amount of $5,597.00 (doc. 40). Defendants Charles N. McKnight, the Trustee, and Jimmy George Lowe, the Administrator of the Estate of James L. Ramer, deceased, filed an Opposition (doc. 47), and Primerica replied (doc. 52).

### A. Procedural History

Primerica initially filed the Motion for inter alia, an Award of Costs and Attorney's Fees and Brief in support thereof on August 30, 2000 (docs.20, 23). The *Guardian Ad Litem,* J. Marshall Gardner, Esq., for minor defendants, Jacob Daniel Ramer and Jarred Daniel Ramer (hereinafter referred to as "Mr. Gardner"), filed a Response and a Supplemental Response in-

---

1. Policy no. 0467013622—dated September 20, 1992,—insured is James L. Ramer—with a face amount of $925,000.00 and policy no. 0421164028—dated July 18, 1990—insured is Bonita Walden—with a face amount of $250,000.00 (doc. 1). On October 18, 2000, Primerica deposited with the Clerk of Court the sum of $1,201,654.78, which represents an amount equal to the sum of $1,175,000.00 plus interest thereon at the rate of 6% per annum from June 3, 2000 to October 18, 2000 (doc. 35). By court Order, the Funds are maintained by AmSouth Bank in an interest bearing account (doc. 31).

cluding an objection to the award of fees and expenses claimed (docs. 22, p. 2–3, ¶ 4–5; 25, p. 1–3). Mr. Gardner contends that the award claimed is "excessive" (doc. 22, p. 3, ¶ 5).[2] Primerica Replied (docs.26–28).

On November 17, 2000, this court found Primerica "to be a 'disinterested' stakeholder and . . . entitled to costs and reasonable attorneys' fees." (doc. 38, p. 6, ¶ 2). Further, this court found

> that the case is not complex requiring any unique services[;] [it] is a simple interpleader action[;] Primerica acted in good faith[;] there is no indication that Primerica protracted this cause or failed to promptly recognize the potential for multiple suits against the Funds[;][and] there is no dispute concerning the amount deposited or concerning the time frame within which the Funds were deposited with the court.

(doc. 38, p. 7).[3]

However, this court denied Primerica's Motion as it lacked "evidence that the requested rate per hour is in line with prevailing market rates." *Id.*, p. 8 (relying on the Eleventh Circuit's three-part framework for calculating the lodestar.) *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299–1301 (11th Cir.1988) (Before the actual calculation, the court should first determine a reasonable hourly rate and then, the hours reasonably expended.).[4] Primerica is currently seeking reconsideration of its request for the award of costs and attorneys' fees and has presented affidavits in re the prevailing market rate (doc. 40).

Primerica's Motion to Reconsider is hereby GRANTED. Accordingly, this court now considers Primerica's claim for an award of costs and attorneys' fees.

As a caveat, the court notes the Opposition thereto filed on January 18, 2001, by defendants Trustee McKnight, and Administrator Lowe (doc. 47). Defendants contend that Primerica is not an innocent stakeholder, and thus, is not entitled to the award requested (doc. 47). The contention comes too late.

As noted, Primerica filed its initial request for costs and attorneys' fees on August 30, 2000. On September 1, 2000, this court ordered that any response to the Motion be filed on or before September 14, 2000, when the Motion would be taken under submission (doc. 21). The only response, as noted herein, came from Mr. Gardner which was adopted by defendant Walden. Thereafter, following consideration of the filings, on November 17, 2000, this court found that Primerica was "a 'disinterested' stakeholder and . . . entitled

---

**2.** Defendant Bonita Walden, the minors' mother and widow of the deceased, adopted by reference the Response filed by Mr. Gardner (doc. 24).

**3.** *See* Wright, Miller & Kane, *Federal Practice & Procedure Civil 3d* § 1719, p. 674–695 (2001).

**4.** This analysis utilizes the *Johnson* factors. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) (There are twelve factors in all: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill required to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717–19). In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

to costs and reasonable attorneys' fees," albeit the need for Primerica to substantiate the hourly rates requested (doc. 38, p. 6, 9).

It is noted that on January 8, 2001, all parties were represented and before this court for a scheduling conference pursuant to Fed.R.Civ.P. 16(b). At that time, the court raised the issue of Primerica's award request and no objections were forthcoming.

The Opposition filed by defendants McKnight and Lowe does not address the issues presently before the court, i.e., the itemization statement presented by counsel for Primerica or the hourly rates requested, and comes four months beyond the deadline set by the court. Further, Primerica's Motion For Reconsideration was filed on December 15, 2000; the Opposition filed on January 18, 2001, comes well beyond the ten-day period for objections. Therefore, the Opposition filed by defendants McKnight and Lowe is hereby OVERRULED.

The court further notes that Primerica's Motion For Reconsideration includes an increase of costs in the amount of $23.52 and an increase in attorneys' fees in the amount of $97.00. These increases have not been substantiated. Accordingly, these increases are hereby DENIED.

This court now reconsiders Primerica's initial request for an award of costs in the amount of $250.00 and attorneys' fees in the amount of $5,500.00.

### B. Discussion

 The relevant case law discussing costs and attorneys' fees in the interpleader context does not elucidate a formula upon which to base a reasonable fee award. As such, this court initially looked to the Eleventh Circuit's three-part framework for calculating the lodestar. *Norman,*

836 F.2d at 1299–1301. However, *Norman,* and its progeny are distinguishable in that they apply in cases where there is a "prevailing party" within the civil rights context. To qualify as a prevailing party, "a civil rights plaintiff ... must obtain an enforceable judgment ... a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *See Farrar v. Hobby,* 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *Cullens v. Georgia Dept. of Transportation,* 29 F.3d 1489, 1494 (11 th Cir.1994).

In *Prudential–Bache Securities v. Tranakos,* 593 F.Supp. 783 (N.D.Ga.1984), an interpleader action, the district court granted, in part, the plaintiff's request for an award of attorneys' fees and costs. The Court directed the plaintiff to file a revised itemized statement in compliance with *Johnson,* 488 F.2d at 718. The Court did so after finding that the plaintiff was a "prevailing party" within the meaning of 26 U.S.C. § 7430 (the Internal Revenue Code), and the award was due from the United States, "the losing claimant." 593 F.Supp. at 786.

In the case sub judice, there is no "prevailing party." Thus, this court finds the *Norman* analysis inapplicable herein.

However, pertinent hereto, in *Hoover v. McCullough Industries, Inc.,* 351 F.Supp. 1023 (S.D.Ala.(Nov.15, 1972)), this court found that an attorneys' fee in the amount of $500.00 for bringing an interpleader action and depositing $34,403.16 with the court was reasonable for such services. *Id.,* at 1031. The fee in *Hoover* represented less than 1% of the stake ($500.00 ÷ $34,403.16 = 0.0145). In deciding *Hoover,* this court relied on *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.,*

306 F.2d 188 (9 th Cir.1962), which noted that

> "[T]he plaintiff should be awarded attorney fees for the service of his attorney in interpleading. But if there is a contest between plaintiff and the interpleaded parties, either as to the correctness of the amount deposited or as to any interest of plaintiff in the fund, the court may not, in the absence of special circumstances, award attorney fees for the services of his attorney in connection with such contest."

*Hoover,* 351 F.Supp. at 1027 (*quoting Schirmer,* 306 F.2d at 194).

More recently, the Eleventh Circuit noted that "[i]n an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere stake holder." *Prudential Ins. Co. of America v. Boyd,* 781 F.2d 1494, 1497 (11 th Cir.1986) (*relying on Perkins State Bank v. Connolly,* 632 F.2d 1306, 1311 (5 th Cir.1980)) ("costs and attorneys' fees are generally awarded by federal courts to the plaintiff who initiates the interpleader as a mere stakeholder"); *see Travelers Ins. Co. v. Walden,* 160 F.Supp. 845, 849 (M.D.Ala.(Mar.20, 1958)).

Of note, in *Prudential,* the deposited stake amounted to $63,261.60. *Id.,* at 1496. The court awarded costs in the amount of $69.74, and attorneys' fees in the amount of $971.25. The fees represented less than 1% of the deposited funds ($971.25 ÷ $63,261 .60 = 0.0153).[5] In *Walden,* the deposited stake amounted to $5,474.70 and the costs and fees awarded amounted to $450.00, less than 1% of the amount at stake ($450.00 ÷ $5,474.70 = 0.0821).

Herein, there is no dispute regarding the correctness of the amount deposited and this court has already found that Primerica's position in this action is that of an innocent stakeholder. The only objection raised to the claim for attorneys' fees came from Mr. Gardner, who opined that the fees were excessive, generally. Mr. Gardner did not elaborate on or reassert the objection at the January 8, 2001 scheduling conference held before this court, and no other objections to the award were voiced at that time.

This court has reviewed the itemized statement of services rendered in support of Primerica's claimed award for costs and attorneys' fees and finds that the substantiated costs and services are reasonable considering the amount of the Funds at stake. This court finds that the requested hourly rates are reasonable under the circumstances and in light of the supporting documentation.[6]

---

5. In *Prudential,* the Eleventh Circuit affirmed the district court's finding of entitlement to the funds, along with the amount of the award of costs and fees. The Eleventh Circuit reversed the district court's finding that the award be paid by the losing claimant directly. The Eleventh Circuit remanded with directions to award costs and attorneys' fees from the proceeds of the interpleader fund. *Id.,* at 1498.

6. Primerica proffered affidavits of counsel Benjamen T. Rowe and David L. Kane, with that of Edward C. Greene, Esq., (doc. 40, attachments). The affidavits assert each attorney's legal history and experience in such matters. Mr. Rowe attests that the hourly rates charged in this case, $200.00 per hour (*see* doc. 28, attached itemized statement, p. 1) is "below our standard hourly rates for such work and, ... well within the range of rates charged by lawyers of similar experience and abilities for work of the same sort in this area." (doc. 40, Rowe affit., p. 2, ¶ 1). Mr. Kane attests that "[t]he hourly rate ... billed [$185.00 per hour (*see* doc. 28, p. 1) ], ... is below my standard hourly rate." (doc. 40, Kane affit, p. 2, ¶ 3).

Mr. Rowe has been practicing law since 1972, almost thirty years. He has been a partner of Cabaniss, Johnston, Gardner, Dumas &

Moreover, the costs and attorneys' fees requested herein, like the costs and fees allowed in *Hoover, Prudential,* and *Walden,* represent less than 1% of the Funds on deposit (($250.00 + 5,500.00 = $5,750.00) ÷ $1,201,654.78 = 0.0047). In fact, the requested fee is less than one-tenth of a percent of the Funds.

### C. Conclusion

Therefore, Primerica's Motion For an Award of Costs and Attorneys' Fees, as reconsidered, is hereby GRANTED as follows. Primerica is awarded costs in the amount of $250.00, and attorneys' fees in the amount of $5,500.00. Primerica's award, as ordered herein, is to be paid forthwith from the Funds. *Prudential Ins. Co. v. Boyd,* 781 F.2d at 1498.

Accordingly, it is hereby ORDERED that the Clerk of this Court make all the necessary steps to disburse from the Funds to Primerica's counsel Benjamen T. Rowe and David L. Kane of Cabaniss, Johnston, Gardner, Dumas & O'Neal at P.O. Box 2906, Mobile, Alabama, 36652, costs in the amount of $250.00, and attorneys' fees in the amount of $5,500.00.

O'Neal since 1983, and was a partner of McRight, Rowe & Stewart prior thereto. For approximately the last ten years, Mr. Rowe has directly represented insurance companies including Primerica, and insurance agents, handling over 100 cases (doc. 40, Rowe affit.). Mr. Kane has been practicing law since 1978. He has been a partner of Cabaniss, Johnston, Gardner, Dumas & O'Neal since 1985. His practice includes the representation of insurance companies and their agents, including Primerica (doc. 40, Kane affit.).

To further support the hourly rates charged, counsel proffered an affidavit of Edward C. Greene, Esq., attesting that he "believe[s] that the time expended by Mr. Rowe and Mr. Kane is reasonable for the issues involved and that the hourly rates charged ... are consistent with the hourly rates charged by attorneys having reasonably comparable skills, experience, and reputation who represent insurance companies in actions ... in Mobile County, Alabama." (doc. 40, Greene affit., p. 2, ¶ 6).