**MERCHANTS LOAN COMPANY, a corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 914.**

United States District Court
D. Arizona.

May 27, 1957.

Elmer Courtland, Tucson, Ariz., for plaintiff.

Jack D. H. Hays, U. S. Atty., Robert O. Roylston, Asst. U. S. Atty., Tucson, Ariz., and David W. Richter, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

WALSH, District Judge.

The above-entitled action came on for trial on May 8, 1957, before the Court without a jury, and the Court having considered the Stipulation entered into by the parties, together with all of the pleadings, and being fully advised in the premises, now finds as follows:

Findings of Fact.

1. This is an action brought pursuant to Section 2410 of the Judicial Code (Title 28 U.S.C. § 2410) to determine whether defendant's federal tax lien against certain personal property has priority over any interest or claim of the plaintiff therein;

2. Plaintiff is a corporation incorporated under the laws of the State of Arizona and is duly licensed in the State of Arizona to engage in the small loan business;

3. Defendant, through the duly designated delegate of the Secretary of the Treasury, at various times prior to July

16, 1956, duly assessed against Cleveland and Hattie Garrett, Joseph Molinsky and Leo B. and Lucille Karr certain Income, FICA and Withholding taxes; the said tax assessments against each of these individuals were in excess of $600;

4. The defendant, after due notice and demand on each of the above taxpayers for the payment of said taxes and the failure or refusal of each of them to pay, filed notices of Federal Tax liens against each of them with the Pima County, Arizona, Recorder's Office, Pursuant to Section 6323(a) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6323(a) (1), and Section 11–464 of the Arizona Revised Statutes, said notices were filed against each of the taxpayers prior to July 16, 1956, and were, as against each taxpayer, in a sum in excess of $600;

5. Plaintiff without actual knowledge of said tax liens on July 16, 1956, made a loan to Cleveland Garrett and Hattie Garrett, his wife, in the principal sum of $600. To secure said loan there was delivered to plaintiff a chattel mortgage on a 1949 Buick 4-door Sedan, Motor No. 55357495, Serial No. 25331645, and that on or before July 26, 1956, plaintiff filed said chattel mortgage with the Arizona Division of Motor Vehicles, pursuant to Section 28–325 Arizona Revised Statutes;

6. Plaintiff without actual knowledge of said tax liens, set forth above, on July 31, 1956, made a loan to Joseph Molinsky in the principal sum of $600. To secure said loan there was delivered to plaintiff a chattel mortgage on a 1950 Studebaker Pickup Truck, Motor No. 1R70139, Serial No. R5–48085, and that on or before August 9, 1956, plaintiff filed said chattel mortgage with the Arizona Division of Motor Vehicles, pursuant to Section 28–325 of the Arizona Revised Statutes;

7. Plaintiff without actual knowledge of said tax liens, set forth above, on August 11, 1956, made a loan to Leo B. Karr and Lucille Karr, his wife, in the principal sum of $600. To secure said loan there was delivered to plaintiff a chattel

mortgage on a 1952 G.M.C. Pickup Truck, Motor No. A228444469, Serial No. C11033, and that on or before August 20, 1956, plaintiff filed said chattel mortgage with the Arizona Division of Motor Vehicles, pursuant to Section 28–325 Arizona Revised Statutes;

8. Subsequently, defendant in reliance upon its federal tax liens seized the vehicles described in Paragraphs 5, 6, and 7 of these Findings of Fact;

9. At all times material to this law suit the vehicles described in Paragraphs 5, 6, and 7 of these Findings of Fact were situated in Tucson, Pima County, Arizona.

Conclusions of Law.

1. This Court has jurisdiction of this controversy and the parties hereto;

2. Sections 6321 through 6323 of the Internal Revenue Code of 1954, 26 U.S. C.A. §§ 6321–6323, and Sections 11–464 and 28–325 of the Arizona Revised Statutes are all applicable to this litigation;

3. The filing, by defendant prior to July 16, 1956, of its notices of Federal tax liens in the Pima County, Arizona, Recorder's office, against Cleveland and Hattie Garrett, Joseph Molinsky and Leo B. and Lucille Karr was in conformity with, and pursuant to, Section 11–464 of the Arizona Revised Statutes, and Section 6323 of the Internal Revenue Code of 1954;

4. This filing gave to defendant liens which are superior to any lien or claim of plaintiff as a subsequent mortgagee or pledgee of the motor vehicles set forth in Paragraphs 5, 6, and 7 of these Findings of Fact, even though defendant did not file notice of its Federal tax liens or the instruments creating such liens, with the Arizona Division of Motor Vehicles pursuant to Section 28–325 of the Arizona Revised Statutes;

5. Defendant may sell, pursuant to Sections 6331 to 6339 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 6331–6339, the motor vehicles described in Paragraphs 5, 6, and 7 of these Findings of Fact, which it has in its posses-

sion, free and clear of any claim of the plaintiff herein against said motor vehicles;

6. Defendant is entitled to judgment dismissing plaintiff's Complaint.