UNITED STATES of America, Plaintiff,

v.

Alex Shondor BIRNS, Defendant.

Civ. A. No. 34454.

United States District Court
N. D. Ohio, E. D.

Nov. 8, 1963.

Merle M. McCurdy, U. S. Atty., and Bernard J. Stuplinski, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff.

Cozza & Steuer, Cleveland, Ohio, C. Anthony Stavole, Cleveland, Ohio, of counsel, for movant.

GREEN, District Judge.

This matter is presently before the Court on the question of distribution of funds from the proceeds of sale of an automobile on a writ of execution based on a judgment obtained by the Government. The car in question was titled in the name of Alex Shondor Birns at the time of the seizure by the Government, under which the sale was had.

In 1952 the Government filed tax liens for nonpayment of taxes against Alex Shondor Birns. On August 6, 1958 the United States recovered a judgment in the amount of $146,099.49, representing the sums due the Government on the said taxes. The judgment was filed for record with the Clerk of Courts for Cuyahoga County, Ohio, on August 23, 1958.

On July 13, 1963 Alex Shondor Birns acquired title to a 1963 Cadillac Convertible automobile. On July 15, 1963 a lien for $3,500.00 in favor of James R. Willis was noted on the certificate of title for the said automobile, in accordance with the provisions of § 4505.13 of the Ohio Revised Code.

On July 16, 1963 the said Cadillac automobile was seized by the Government, pursuant to a "writ of execution" issued by this Court on the judgment rendered on August 6, 1958.

On August 26, 1963 an order of public sale under sealed bids was entered, and acting thereunder the United States Marshal offered the said automobile for sale. On October 9, 1963 the sale of the said automobile, for the sum of $4,311.00, was confirmed, and all liens ordered transferred to the proceeds of sale.

The Government alleges that it is entitled to the proceeds of sale by virtue of its lien rights under 26 U.S.C.A. § 6321 and 26 U.S.C.A. § 6331.

James R. Willis contends that he is entitled to be paid his lien of $3,500.00 before any distribution to the Government. It is his position that his lien, noted on the certificate of title, is superior to that of the Government, and that the Government's lien for taxes has been merged in the judgment in this action.

There does not appear to be any question that prior to 1958, when judgment was rendered on the claim for delinquent taxes, that the Government had acquired a lien on the property of Alex Shonder Birns by virtue of 26 U.S.C.A. § 6321. That section of the Internal Revenue Code provides:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

It is well settled that the lien provided for in § 6321, formerly § 3670, I.R.C. 1939, attaches to after-acquired property. 30 Am.Jur. Internal Revenue, § 219.

It is the mortgagee's contention, however, that the statutory lien of § 6321 was merged in, and extinguished by, the judgment rendered in 1958. Examina-

tion of the authorities relied upon by mortgagee discloses that this position is not well taken.

The rule, stated at 30A Am.Jur., Judgments, § 321, that, under the theory of merger of cause of action, the old debt ceases to exist and the new judgment debt takes its place, is cited by mortgagee. However, at § 323 of the same work it is stated:

"The general rule is that a lien securing a debt which becomes merged in a judgment is not affected by such merger. If a debt is of such a character that a lien is given by common law or statute, the merger of the judgment does not involve a merger of the lien, and the latter may continue until the debt is satisfied."

Mortgagee has also cited 28 U.S.C.A. § 1962 in support of the claim that the statutory lien for taxes has been merged in the judgment. 28 U.S.C.A. § 1962 provides that:

"Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time."

The obvious purpose of this legislative enactment was to provide an equality between judgments rendered in civil actions in the Federal courts and comparable judgments in the State courts, insofar as they could be enforced as liens against the debtor. There is nothing in the history, or judicial interpretation, of this section of the Judicial Code to indicate that it was intended to, or should, operate to alter a vital aspect of the collection provisions of the Internal Revenue Code.

The plain language of the pertinent provision of the Internal Revenue Code contradicts mortgagee's contention. In § 6322 of Title 26 it is provided:

"Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time."

It will be noted that the lien continues until the *liability for tax* is satisfied or is barred by time, and not for the effective period of the assessment alone. The liability for the amount of the tax remains enforceable and unsatisfied until such time as the judgment is satisfied or barred. Consequently, the lien remains in full force and effect during the term of the judgment, and co-exists therewith.

The statute authorizing suits to recover for unpaid taxes is consistent with the proposition that the lien of § 6321 is perpetuated thereby; § 7403 of Title 26 provides:

"In any case where there has been a refusal or neglect to pay any tax [basically the language of § 6321] * * * the Attorney General * * may direct a civil action to be filed * * * to enforce the lien of the United States under this title with respect to such tax or liability * * *."

Thus it is clearly stated by the Congress that the suit is one to enforce the statutory lien existing by reason of the refusal or neglect to pay the tax.

The decision in Investment & Securities Co. v. United States, 140 F.2d 894 (C.A.9, 1944) is cited by both parties. In that case the Government reduced to judgment a claim for unpaid taxes, and the Court of Appeals held the Government was entitled to prevail over the taxpayer's pledgee by virtue of the lien rights accorded under Sections 3670, 3671 and 3672, I.R.C.1939 (now 26 U.S.C.A. §§ 6321, 6322, 6323). That authority, therefore, sustains the position of the Government in this action.

It is not denied that the Government complied with the filing requirements of 26 U.S.C.A. § 6323, and had the judgment

recorded in compliance with § 317.09, Ohio Revised Code.

It is the Court's conclusion that on July 13, 1963, when Alex Shondor Birns acquired title to the vehicle sold in this action, the Government's lien for taxes attached to the said vehicle.

■ This leaves for determination the question of priority of liens. ·

Mortgagee contends that by virtue of § 4505.13 of the Ohio Revised Code the lien noted on the face of the certificate of title, in his favor, is superior to that of the Government. § 4505.13, in essence, provides that a mortgage noted on the face of a certificate of title "shall be valid as against the creditors of the mortgagor, whether armed with process or not, and against subsequent purchasers, mortgagees, and other lienholders and claimants."

Section 6323 of Title 26 provides:

"(a) Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate."

As previously stated, the notice filing provisions of § 6323 were complied with in this case.

■ Questions of validity and priority of income tax liens are questions to be determined by the Federal courts applying Federal law, United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264 (1954), although state law and procedures have been applied in consideration of foreclosure proceedings involving conceded junior tax liens, United States v. Brosman, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960) explained in United States v. Buffalo Savings Bank, 371 U.S. 228, 83 S.Ct. 314, 9 L.Ed.2d 283 (1963).

■■ It is established in the Federal law that a properly perfected tax lien has priority over subsequent liens and claims, including those of subsequent mortgagees, on the basis of first in time,

first in right. Grand Prairie State Bank v. United States, 206 F.2d 217 (C.A.5, 1953); United States v. Levin, 128 F. Supp. 465 (D.C.Md., 1955); Knox v. Great West Life Assurance Co., 109 F. Supp. 207 (D.C.E.D.Mich., 1952), aff'd 212 F.2d 784 (C.A.6, 1954). It is also settled that a Federal tax lien cannot, without the consent of Congress, be displaced by a later lien based on state law. United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958); Michigan v. United States, 317 U.S. 338, 63 S.Ct. 302, 87 L.Ed. 312 (1943); Knox v. Great West Life Assurance Co., supra.

It is the Court's opinion that the provisions of O.R.C. § 4505.13 cannot, and do not, create a lien in favor of a mortgagee named on the face of an automobile certificate of title which is superior to that accorded the Government pursuant to 26 U.S.C.A. § 6321, when the noted lien is subsequent to the recording of the tax lien. The legislative enactment of the State of Ohio cannot vitiate the dictates of Congress in the field of collection of Federal taxes.

No case squarely in point has been cited by either party. The Government has, however, set forth two decisions supporting its position. In both Merchants Loan Co. v. United States, 169 F. Supp. 227 (D.C.Ariz., 1957) and Union Planters National Bank v. Godwin, 140 F.Supp. 528 (D.C.E.D.Ark., 1956) it was held that a properly recorded tax lien had priority over a subsequent motor vehicle mortgage, both cases involving statutes of similar language and effect as O.R.C. § 4505.13.

The Court concludes that the lien of the United States is superior to that of James R. Willis, and an order will be entered directing the Marshal to disburse the funds received from the sale of the said 1963 two-door Cadillac Convertible automobile, Model No. 62–67, Serial No. 63 FO24271, as follows:

1) Payment of court costs and Marshal's fee, if any.

2) Payment of storage costs.

3) Payment of appraiser's fees.

4) Payment of any miscellaneous charges connected with the handling or sale of said automobile.

5) The residue of the funds shall be paid to the District Director of Internal Revenue Service in accordance with the provisions of Title 26, United States Code, Section 7406.