**UNITED STATES of America**

v.

**Morton M. ROSE, Betsy R. Wittenberg, and Aetna Insurance Company.**

**Civ. A. No. 33335.**

United States District Court
E. D. Pennsylvania.

Feb. 17, 1964.

**260**

———◆———

Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., Samuel A. Peters, Dept. of Justice, Washington, D. C., for plaintiff.

Roy N. Freed, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for Morton M. Rose and Betsy R. Wittenberg.

Mauro L. Ciccarelli, Philadelphia, Pa., for Aetna Ins. Co.

KIRKPATRICK, District Judge.

This is a civil action brought under 31 U.S.C. § 192 to enforce the personal liability of the defendants, who are administrators of the estate of Morton M. Rose, and their surety, for a federal estate tax assessed against the estate. The section of the law in question provides, in substance, that an administrator who pays any debt owing by his decedent before he pays debts of the decedent due the United States shall be answerable personally to the United States to the extent of such payments.

---

On February 12, 1953, the Commissioner of Internal Revenue assessed federal estate taxes against the Rose estate, a balance of which tax remains unpaid. The defendant administrators, from 1948 to 1953, distributed all the assets of the estate, disregarding the estate tax liability. The fact that the distribution was made under an order of the Orphans Court of Philadelphia County is immaterial.

On February 11, 1959, the United States began a suit against the estate to collect the balance of estate tax due on the above assessment and judgment was obtained on July 27, 1959, in the amount of $10,788.47. This judgment remains unpaid.

The present suit was begun April 26, 1963.

The above facts are not disputed and the only question involved in these cross motions for summary judgment is whether any provision of the Revenue Act bars the suit.

It is not questioned by the parties that the distribution made by the defendants was payment of a "debt due by the person or estate for whom" the administrators acted, and it is well settled that an action such as this suit is a proceeding to collect a tax,* in this case to collect the estate tax assessed against the estate in 1953.

The defendants contend that all proceedings to collect an estate tax from the executor or administrator personally are governed by Section 6901(c) (3) I.R.C. which, so far as is relevant to the present controversy, provides that the amount of the liability of administrators under 31 U.S.C. § 192 is to be collected in the same manner as the tax in respect of which the liability is incurred and which fixes the time beyond which such tax may not be collected as the expiration of the period for the collection of the tax in respect of which the fiduciary's liability arises. Under this procedure

---

\* United States v. Weisburn, D.C., 48 F. Supp. 393; United States v. Motsinger, 4 Cir., 123 F.2d 585, 587. See also United States v. Updike, 281 U.S. 489, 494, 50 S.Ct. 367, 74 L.Ed. 984.

there must have been an assessment of the tax against the administrators as individuals and, also, the suit must have been begun within the period during which the Government could have collected the tax assessed against the estate. This, by the provisions of Section 6502, would be six years from the assessment, or February 12, 1959. The fact that the Government did not begin this suit until ten years after the assessment of the estate tax is the basis for the defendants' argument that the suit is barred by the provisions of § 6901.

■■ However, the Government did bring a suit against the estate on February 11, 1959, and got a judgment on July 27, 1959. That suit was timely. Thereafter, the Government could have collected the tax at any time up to July 27, 1964, since the statute of limitations in Pennsylvania for judgments (unless renewed) is five years. The merger of the liability of the estate for the estate tax in the judgment against it, if indeed it could properly be called a merger, did not extinguish the tax liability, and this suit is still a proceeding to collect a tax. "The liability for the amount of the tax remains enforceable and unsatisfied until such time as the judgment is satisfied or barred." United States v. Birns, D.C., 223 F.Supp. 94, 96. Thus this suit, brought within that period, would not be barred by the six year limitation even if the procedure prescribed by 6901 was the only available procedure—which, as will appear, it is not.

The defendants also argue that, inasmuch as § 6901 incorporates by reference the collection provisions of the Internal Revenue Code, this suit will not lie, for the reason that there has been no assessment against the defendant administrators.

It has been held that Title 31 U.S.C. § 192 may be the basis for alternative proceedings to collect the tax, which will not be affected by § 6901. "The government is correct, we think, in contending that the remedy provided by I.R.C. § 311 (I.R.C. Sec. 6901) for collection of taxes from transferees and fiduciaries is al-

ternative and not exclusive." United States v. Motsinger, supra, 123 F.2d 587.

The limitation that must be applied in this case is the general limitation contained in Section 6502 which provides that where an assessment has been made within the period of limitation properly applicable thereto, the tax may be collected by a proceeding in court, provided the proceeding is begun within six years after the assessment of the tax. In this case the proceeding in court against the estate was begun less than six years after the assessment of the estate tax and admittedly that assessment was timely. Therefore, the six year limitation provided by the statute did not come into effect inasmuch as the judgment of July 27, 1959, extended the time for collection, and the only bar is that which the Pennsylvania law imposes upon judgments, namely, five years from the entry of the judgment.

The defendants' motion for summary judgment is denied.

The plaintiff's motion for summary judgment is granted and judgment may be entered for the plaintiff in the amount claimed.