GORDON WHITE CONSTRUCTION COMPANY, INC., and Henry A. Stikes, Sr., Trustee, Plaintiffs-Appellees,

v.

SOUTHLAND INVESTMENT CO. et al., Defendants,

United States of America, Defendant-Appellant.

No. 75–1912

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 16, 1975.

Charles S. White-Spunner, U. S. Atty., Edward J. Vulevich, Jr., Asst. U. S. Atty., Mobile, Ala., Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Acting Chief, App. Sec., Crombie J. D. Garrett, Wynette J. Hewett, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant-appellant.

Herbert P. Feibelman, Jr., Irvin Grodsky, Mobile, Ala., for plaintiffs-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

In this action by the trustee in bankruptcy to allow him to convey certain real and personal property free of liens and encumbrances, the district court con-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

strued Title 33, Section 9 of the Alabama Code as permitting the filing of federal tax liens in more than one local office, thus concluding that this statute did not comply with the "one office" requirement of Int.Rev.Code, § 6323(f). The government, contending that it held a tax lien valid as against the trustee, appeals. We reverse.

Int.Rev.Code, § 6321, gives the United States a lien on all property, real and personal, belonging to any person who refuses to pay any federal tax after proper demand for payment.[1] Int.Rev. Code § 6323(a)[2] provides that the lien imposed by § 6321 is not valid as against a judgment lien creditor[3] until a notice of the lien is filed as provided by § 6323(f). Section 6323(f) requires the notice of lien to be filed in an office designated by state law, and it further provides that if the state has not designated an office for the filing of tax liens (or, *sub silentio*, if the office designated by the state does not meet the "one office" requirement of § 6323(f)(1)(A)), then the tax lien must be filed in the office of the clerk of the United States District Court for the district in which the property subject to the lien is located.[4]

The United States filed a notice of tax lien for unpaid social security taxes in the Office of the Judge of Probate, pursuant to *Ala.Code*, Title 33, § 9, prior to the filing of Gordon White Construction Company's voluntary petition in bankruptcy. All parties agree that if the notice of tax lien was properly filed in the Office of the Judge of Probate, the tax lien is valid as against the trustee in bankruptcy. The parties further agree that if *Ala.Code*, Title 33, § 9 does not comply with Int.Rev.Code, § 6323(f), then the tax lien was improperly filed, since it was not filed with the clerk of the United States District Court, and therefore the United States' claim for unpaid taxes would be unsecured.

The resolution of this issue rests in an analysis of *Ala.Code*, Title 33, § 9, which provides:

The United States, by or through any officer, agent, or representative, may file in the office of the judge of probate, or registrar or recorder of deeds of any county in this state, notice of a lien for any tax on the property of any person under the provisions of section thirty one hundred and eighty six of the revised statutes of the United States as now or hereafter amended.[5]

1. Int.Rev.Code § 6321 provides:
   If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

2. Int.Rev.Code § 6323(a) provides:
   Purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors—The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate.

3. For the purpose of this analysis, a trustee in bankruptcy has the rights of a judgment lien creditor. 11 U.S.C.A. § 110(c).

4. Int.Rev.Code § 6323(f) provides in pertinent part:

(f) Place for filing notice; form.—
   (1) Place for filing.—The notice referred to in subsection (a) shall be filed—
   (A) Under State laws.—
   (i) Real property.—In the case of real property, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; and
   (ii) Personal property.—In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; or
   (B) With clerk of district court.—In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State has not by law designated one office which meets the requirements of subparagraph (A); . . .

5. The statute referred to is the predecessor to Int.Rev.Code § 6323(f).

The district court, relying on *Hoover, Inc. v. McCullough*, S.D.Ala.1972, 351 F.Supp. 1023, concluded that this statute violated the "one office" requirement of Int.Rev.Code § 6323(f), and that filing was only proper in the United States District Court. Since notice was filed by the government in the office of the Judge of Probate, and not in United States District Court, the court below found the tax lien to be invalid as against the trustee.

On appeal, the trustee in bankruptcy argues not only that the state statute provides for the filing of tax liens in multiple offices, but also that the statute on its face allows filing of the tax lien in any county in the state, and in this respect also violates the "one office" requirement.

■ Although the statute appears to designate three offices—either the office of the judge of probate, the office of the registrar, or the office of the recorder of deeds—an analysis of the Alabama statutory structure reveals that only one office is in fact specified. Under that statutory scheme, there is no separate office of "the registrar or recorder of deeds."[6] All recordation of deeds takes place in the office of the judge of probate. *Ala.Code*, Title 47, § 94. This interpretation is buttressed by *Ala.Code*, Title 33, § 10, which clarifies the place of filing the notice of tax lien by stating that such notices shall be indexed and recorded under the same provisions of law as relate to the filing and recording of conveyances of land. As noted, all such conveyances of land are recorded in the office of the judge of probate. *Ala. Code*, Title 47, § 94. It is thus clear that a central recording office was created in the office of the judge of probate, and that Section 9 authorizes the filing of notices of federal tax liens in only that central filing office.

The district court in *Hoover, supra*, in arriving at a contrary conclusion, looked only to the language of *Ala.Code*, Title 33, § 9, and determined that since it named more than one office, it violated the "one office" rule of Int.Rev.Code, § 6323(f). Our analysis reveals that although the language of Section 9 names more than one office, there is only one office in fact. We find this to be controlling.

■ The trustee in bankruptcy also argues that the "one office" rule is violated, since the state statute permits the filing of the notice of tax lien in any county in the state. We have previously answered this contention in *S. D'Antoni, Inc. v. Great Atlantic and Pacific Tea Co., Inc.*, 5 Cir. 1974, 496 F.2d 1378. In *D'Antoni*, the judgment lien creditor argued that the Louisiana statute did not comply with Section 6323(f), since it allowed tax lien notices to be filed in each parish in which personal property of a corporation was situated. However, we held that the statute was sufficient, since it designated only one office in each parish for the filing of tax lien notices—the question of which parish was proper was one of federal law, controlled by the provisions of Section 6323(f)(2).[7]

---

**6.** The Alabama statute was enacted in 1923. The reference to the "registrar or recorder of deeds" tracks the language of the predecessor to Int.Rev.Code, § 6323(f), Revised Statutes, § 3186(b) which provided in pertinent part:

Whenever any state by appropriate legislation authorizes the filing of such notice in the office of the registrar or recorder of deeds of the counties of that State, . . . then such lien shall not be valid in that State as against any mortgagee, purchaser, or judgment creditor, until such notice shall be filed in the office of the registrar or recorder of deeds of the county . . . within which the property subject to the lien was situated.

**7.** Int.Rev.Code § 6323(f)(2) provides in pertinent part:

(2) Situs of property subject to lien.—For purposes of paragraph (1), property shall be deemed to be situated—
(A) Real Property.—In the case of real property, at its physical location; or
(B) Personal Property.—In the case of personal property, whether tangible or intangible, at the residence of the taxpayer at the time the notice of lien is filed.

Similarly, under the Alabama statute, one office in each county is specified for the filing of tax lien notices—the office of the judge of probate. The provisions of Section 6323(f)(2) govern the county in which filing is proper, not the provisions of *Ala.Code*, Title 33, § 9. Therefore, the failure of the state statute to provide for the county of filing is immaterial, for any attempt to do so would be invalid.

Reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.