Similarly, under the Alabama statute, one office in each county is specified for the filing of tax lien notices—the office of the judge of probate. The provisions of Section 6323(f)(2) govern the county in which filing is proper, not the provisions of *Ala.Code*, Title 33, § 9. Therefore, the failure of the state statute to provide for the county of filing is immaterial, for any attempt to do so would be invalid.

Reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The sole issue on appeal in this case is whether *Ala.Code* Title 33, § 9 meets the "one office" requirement of Int.Rev.Code § 6323(f) for the filing of federal tax liens. The district court held that the requirement was not met.

In *Gordon White Construction Company, Inc., Bankrupt, Henry A. Stikes, Sr., Trustee v. Southland Investment Co., et al.,* 5 Cir. 1975, 521 F.2d 856, decided October 16, 1975, we found on parallel facts that the one office requirement was met.

Reversed and remanded.

**In re Rubin Cecil SHEFFIELD, Bankrupt.**

**Theodore L. WADE, Trustee, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 75–2051

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 23, 1975.

Charles S. White-Spunner, U. S. Atty., Edward J. Vulevich, Jr., Asst. U. S. Atty., Mobile, Ala., Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Chief, App. Section, Crombie J. D. Garrett, Wynette J. Hewett, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

Theodore L. Wade, pro se.

**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Jeffrey Leonard HOLMES et al., Defendants-Appellees.**

No. 74–2419.

United States Court of Appeals, Fifth Circuit.

Oct. 8, 1975.

Rehearing En Banc Granted Jan. 5, 1976. See 525 F.2d 1364.

---

* Rule 18, 5 Cir.; See *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.