QUESTION: Does a federal tax lien on a motor vehicle, filed in the office of the clerk of the circuit court pursuant to s. 28.222, F. S., have priority over a security interest in said motor vehicle subsequently filed by a third party with the Department of Highway Safety and Motor Vehicles?
SUMMARY: Section 28.222(3)(e), F. S., authorizes and requires the filing or recordation of notices of federal tax liens with the clerk of the circuit court. Said section applies to federal tax liens on motor vehicles and meets the Internal Revenue Code "one office as designated by state law" requirement for perfection by filing or recording such liens. A security interest in a motor vehicle subsequently filed by a third party with the Department of Highway Safety and Motor Vehicles is inferior to a notice of federal tax lien filed pursuant to said s. 28.222(3)(e), and the sale of the motor vehicle subject to the duly recorded superior notice of federal tax lien discharged all liens and encumbrances over which the United States had priority. You requested that I base my opinion upon the following statement of facts presented in your letter. A corporation became indebted to the United States of America for withholding tax obligations for the years 1972 and 1973. The Internal Revenue Service assessed said corporation and filed notices of a federal tax lien with the clerk of the circuit court at various intervals between March 8, 1973, and July 3, 1974. Said Internal Revenue Service seized and sold the motor vehicle in question in July 1975 pursuant to the provisions of s. 6335, Internal Revenue Code. The purchaser at the sale was unable to obtain a certificate of title to the motor vehicle from the Department of Highway Safety and Motor Vehicles, because a bank had recorded a lien with said department on June 13, 1975, nearly a year after the last notice of a federal tax lien was filed. Authority for federal tax liens and procedures for enforcing said liens are found in the Internal Revenue Code, Title 26 of the United States Code. Such liens are governed by state law only as specified by Congress. Section 6323(a), Internal Revenue Code, requires that notice of the federal tax lien be filed in order to obtain priority over subsequent purchasers, holders of security interests, mechanics' lienors, and judgment lien creditors. Section 6323(f)(1)(A)(ii), Internal Revenue Code, details the requirements for filing notices of federal tax liens on personal property: (f) Place for filing notice; form. — (1) Place for filing. — The notice referred to in subsection (a) shall be filed — (A) Under State laws. — * * * * * (ii) Personal property. — In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated . . . . If state law fails to specify "one office" in which to perfect the notice of the federal tax lien by filing, said filing is to occur in the office of the Clerk of the United States District Court in the district where the property subject to said lien is situated, pursuant to s. 6323(f)(1)(B), Internal Revenue Code. See Gordon White Const. Co., Inc. v. Southland Inv. Co., 521 F.2d 856 (5th Cir. 1975). The instant question is determined by whether Florida law specifies "one office" in which to record the notice of the federal tax lien on a motor vehicle. Section 28.222(1) and (3)(e), F. S., upon which the Internal Revenue Service relies, provides: (1) The Clerk of the Circuit Court shall be the recorder of all instruments that he may be required or authorized by law to record in the county where he is clerk. * * * * * (3) The Clerk of the Circuit Court shall record the following kinds of instruments presented to him for recording, upon payment of the service charges prescribed by law: * * * * * (e) Notices of liens for taxes payable to the United States, and certificates discharging, partially discharging, or releasing the liens, in accordance with the laws of the United States. Authority for the Department of Highway Safety and Motor Vehicles' involvement in the lien-recording process is found in s. 319.27(1) and (2), F. S.: (1) All liens, mortgages and encumbrances on motor vehicles titled in Florida shall be noted upon the face of the certificate of title as and when issued in Florida or on a duplicate or corrected copy thereof, as is now provided by law; provided, however, that this section shall not apply to any retain title contract, conditional bill of sale, chattel mortgage or other like instrument covering any motor vehicle floor plan stock of any motor vehicle dealer. Except for the recording of liens upon motor vehicles for which no certificate of title has been issued in this state as provided in subsection (3), the Department of Highway Safety and Motor Vehicles shall not be a recording office for liens on motor vehicles. (2) No liens for purchase money or as security for a debt in the form of retain title contract, conditional bill of sale, chattel mortgage, or other similar instrument, upon a motor vehicle, as now or may hereafter be defined by law, upon which a certificate of title has been issued in this state shall be enforceable in any of the courts of this state, against creditors or subsequent purchasers for a valuable consideration and without notice, unless a sworn notice of such lien showing the following information: (a) Date and amount of lien; (b) Kind of lien; (c) Name and address of registered owner; (d) Description of motor vehicle, showing make, type, and serial number; and (e) Name and address of lienholder; has been filed in the department and such lien has been noted upon the certificate of title covering such motor vehicle, and shall be effective as constructive notice when filed. (Emphasis supplied.) Nothing in the above-quoted sections specifically refers to notices of federal tax liens or abrogates the requirements of any other statutory provision. The Department of Highway Safety and Motor Vehicles is not authorized to act as a recording office for liens generally (s. 319.27[1], F. S., with certain exceptions not here material, specifically states that the department shall not be a recording office for liens on motor vehicles), but is required to record upon the face of the certificates of title certain types of liens. Section 319.24, F. S. These liens include purchase money liens, retain title contracts, conditional bills of sale, chattel mortgages, and "other similar instrument[s]." A federal tax lien differs from the above-enumerated liens in that it is not a consensual transaction, evidenced by an instrument, involving consideration (generally in the form of financing) to the vehicle owner who grants the security interest. Rather, a federal tax lien is imposed upon the vehicle owner without specific consideration or without consent. The language and reasoning of the state statutes thus support the conclusion that Florida law provides only one office, the office of the clerk of the circuit court, for the recording of notices of federal tax liens upon motor vehicles. It is therefore my opinion that notices of federal tax liens are required to be filed and recorded in the office of the clerk of the circuit court pursuant to s. 28.222, F. S., and not pursuant to s. 319.27, F. S. The same conclusion was reached in a previous opinion from this office, AGO 052-287, October 6, 1952, Biennial Report of the Attorney General, 1951-1952, p. 464, relying upon statutory language similar to that presently in effect. Additionally, it should be noted that other jurisdictions have held that a recorded federal tax lien takes priority over a subsequent private lien on an automobile, despite the fact that only the private lien had been recorded on the certificate of title as required by state statute. United States v. Birns, 223 F. Supp. 94 (N.D.Ohio. 1963); Merchants Loan Co. v. United States, 169 F. Supp. 227 (D.Ariz. 1957); Union Planters National Bank v. Godwin, 140 F. Supp. 528 (E.D.Ark. 1956); Atlas Finance Co. v. Wilkerson, 382 S.W.2d 529 (Tenn. 1964). Based upon the instant facts as previously stated, the notice of the federal tax lien was properly recorded pursuant to Florida law, and the sale of the motor vehicle to a third party as provided in the Internal Revenue Code discharged all liens and encumbrances over which the United States had priority. 26 U.S.C. ss. 6338 and 6339. Cf. AGO 074-337 applying the "first in time is first in right" rule and concluding that when a federal tax lien is superior to a county's lien for taxes, a sale of the property pursuant to s. 6335 of the Internal Revenue Code extinguished all subordinate liens or junior encumbrances. The purchaser at said sale should receive marketable title as against and discharged from the security interest of the bank. Your question is answered in the affirmative.