# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3395

_____

| | | |
|---|---|---|
| Waste Management of Missouri, Inc., | * | |
| | * | |
| Interpleader Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Donna S. Evert, | * | |
| | * | |
| Defendant - Appellant, | * | Appeals from the United States |
| | * | District Court for the |
| United States of America, | * | Eastern District of Missouri. |
| | * | |
| Defendant - Appellee, | * | |
| | * | |
| William D. Nichols, | * | |
| | * | |
| Intervenor - Appellant. | * | |

_____

No. 98-3664
_____

Donna S. Evert,                          *
                                         *
    Plaintiff - Appellant,              *
                                         *
v.                                       *
                                         *
United States of America,                *
                                         *
    Defendant - Appellee,               *

                          _____

Submitted: May 11, 1999

Filed:  August 27, 1999
_____

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and WATERS,[*] District Judge.
_____

LOKEN, Circuit Judge.

    Waste Management of Missouri, Inc. ("Waste Management"), was contractually indebted to taxpayer E. Scott Evert ("Taxpayer"), a resident of Broward County, Florida. On April 20, 1995, the United States filed a notice of federal tax lien against all of Taxpayer's property in the "official records book" of the Broward County Commissioners. Taxpayer's judgment creditors Donna S. Evert and William D.

_____

    [*]The HONORABLE H. FRANKLIN WATERS, United States District Judge for the District of Arkansas, sitting by designation.

Nichols perfected their judgment liens against monies owed by Waste Management on May 13, 1997. Generally, when a federal tax lien is in the competition, the first lien in time has priority, and state law governs what constitutes a perfected lien. See United States v. Dishman Indep. Oil, Inc., 46 F.3d 523, 526 (6th Cir. 1995). In these two lawsuits, the judgment creditors seek to capture Waste Management contract payments on the ground that the government's lien is unperfected because it was filed in the wrong Broward County office. The district courts[1] granted summary judgment in favor of the United States, and the judgment creditors filed these consolidated appeals. We affirm.

The assessment of unpaid federal income taxes creates a lien in favor of the United States on all property "belonging to" the taxpayer. See 26 U.S.C. § 6321; Thomson v. United States, 66 F.3d 160 (8th Cir. 1995). To be valid against a taxpayer's subsequent secured creditors, such as judgment creditors, the government must give formal notice of its tax lien in accordance with 26 U.S.C. §§ 6323(a) & (f). For personal property, like the right to Waste Management's contract payments, notice of the tax lien must be filed -

> in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated . . . .

§ 6323(f)(1)(A)(ii). If State law does not designate one such office, the lien notice must be filed "[i]n the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated." § 6323(f)(1)(B). If the government files notice of its tax lien in the wrong office -- which is primarily an

---

[1]The HONORABLE CATHERINE D. PERRY and the HONORABLE DONALD J. STOHR, United States District Judges for the Eastern District of Missouri.

issue of state law -- then the judgment creditor has a superior claim to the personal property in question.  See Gordon White Constr. Co., Inc. v. Southland Inv. Co., 521 F.2d 856, 857 (5th Cir. 1975).

The Florida Constitution states, "When not otherwise provided by county charter or special law approved by vote of the electors, the clerk of the circuit court shall be ex officio clerk of the board of county commissioners, auditor, recorder and custodian of all county funds."  FLA. CONST. art. VIII, § 1(d).  Florida counties may enact a county charter providing for "local self-government not inconsistent with general law."  FLA. CONST. art. VIII, § 1(g) and (c).  The voters of Broward County approved the Broward County Charter in November 1974.  That Charter transferred responsibility for recording public documents to an agency of the Broward County Commissioners.  Broward County Charter, art. IV, § 4.02(C).  Consistent with the Broward County Charter, the United States filed its lien notice with the "official records" of the Broward County Commissioners, rather than with the Broward County Circuit Court or the United States District Court for the Southern District of Florida.

The judgment creditors rely on the Florida Legislature's 1992 enactment of the Florida Uniform Federal Lien Registration Act ("the Act").  FLA. STAT. § 713.901.  The Act specifies that liens against an individual's personal property are to be filed "in the office of the clerk of the circuit court of the county where the person against whose interest the lien applies resides at the time of filing of the notice of lien."  FLA. STAT. § 713.901(3)(c)(4).  The judgment creditors argue that either § 713.901(3)(c) implicitly repealed the Broward County Charter provision and therefore lien notices must be filed with the clerk of the circuit court, or § 713.901(3)(c) created *two* state offices in which tax lien notices may be filed, triggering the requirement in 26 U.S.C. § 6323(f)(1)(B) that federal tax lien notices be filed with the clerk of the local federal court.  Under either theory, the United States filed its lien notice in the wrong office and the lien is not valid against the judgment creditors.  We disagree.

The judgment creditors' argument rests on the mistaken assumption that, in passing the Act, the Florida Legislature failed to consider the possibility that some counties -- like Broward -- had exercised their authority under the Florida Constitution to designate different offices for the filing of public documents such as lien notices. However, subsection (3)(b) of the Act explicitly states:

> If by law the county recorder and custodian of the official records of a county is other than the clerk of the circuit court, a reference in this section to the clerk of the circuit court shall be deemed to be the county recorder so designated by law.

Although this provision is in a different subsection than § 713.901(3)(c), on which the judgment creditors rely, its plain language states that it applies to all references "in this *section*." (Emphasis added.) Thus, the Act is consistent with the Broward County Charter, and the two read together provide for only *one* state office in Broward County for the filing of lien notices. By filing its lien notice in that office, the United States complied with 26 U.S.C. § 6323(f), and its lien is valid against the judgment creditors under § 6323(a).

The judgments of the district courts are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.